IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–01979-REB-KMT

LORETTA M. LYON and
ASHLEY N. SLATER,

    Plaintiffs,

v.

ERIC YOUNG,
MARK NIKKEL,
ANGELA ARANANDINOU-FATOROS,
NIKKI ARANANDINOU-FATOROS,
MITCHELL MORISSEY,
TOM TAGGERT,
DENVER POLICE DEPARTMENT and
FRANK MORENO,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

This case comes before the court on this Court's Order to Show Cause [Doc. No. 17] filed December 8, 2008. Plaintiff filed a Response on January 12, 2009. [Doc. No. 18.] Since that time the Plaintiff has taken no action in the case, including that they have not served any defendant. Therefore, this Court recommends the case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P.

Plaintiffs originally filed this case in the United States District Court for the Southern District of New York on August 4, 2008. [Doc. No. 1, Exhibit 1-2 "Complaint"]. The case was transferred to the District of Colorado by Order of Acting Chief Judge Loretta A. Preska of the Southern District of New York on August 25, 2008 upon findings by the court that

> "[t]he events giving rise to the instant complaint occurred in Denver, Colorado, located in the District of Colorado, where all the defendants reside. 28 U.S.C. § 85. None of the underlying events occurred within the Southern District of New York, nor do any of the defendants reside here. 28 U.S.C. § 112(b)."

[Doc. No. 1]

Venue being improper in the Southern District of New York, this court received and filed the Complaint on September 15, 2008. A notice of the transfer and the new case number was mailed to the plaintiffs at 2720 Broadway, #916, New York, NY 10025 on September 16, 2008. [Doc. No. 4]. The notices sent to the plaintiffs were returned as undeliverable on September 30, 2008. [Doc. Nos. 8 and 9]. The September 16, 2008 notice was re-mailed, together with the Court's Order setting a Scheduling Conference for October 29, 2008, to the plaintiffs at 61 E. 125th Street, Suite 175, New York, NY 10035 on October 3, 2008. [Doc. No. 10]. This certificate of mailing was also returned to the Clerk's Office as undeliverable at the new address. [Doc. No. 14]. However, between the October 3, 2008 mailing and it being returned as undeliverable, the Clerk also mailed to the plaintiffs the Court's October 14, 2008 Minute Order, again addressed to 61 E. 125th Street, Suite 175, New York, NY 10035. [Doc. No. 13]. This second mailing to the 125th Street address has **not** been returned to the Clerk's Office.

The plaintiffs did not appear, either in person or by telephone, for the Scheduling Conference on October 29, 2008 and the court issued a show cause order on October 30, 2008. The show cause order was mailed to the plaintiffs, again at 61 E. 125th Street, Suite 175, New York, NY 10035. [Doc. No. 15]. It, too, was **not** returned to the court as undeliverable.

The show cause order required the plaintiffs to show cause, on or before November 15, 2008, why their complaint should not be dismissed for failure to appear at the October 29, 2008 Scheduling Conference and failure to comply with previous orders and, in general, with the Local Rules of Practice for the United States District Court for the District of Colorado and the Federal Rules of Civil Procedure.

On November 24, 2008, the Clerk's Office received an unsigned, one-paragraph typed document on plain paper with handwritten notations on the bottom of the page which was docketed as a response to the show cause order. ("First Response" [Doc. No. 16]). The first Response acknowledged the plaintiffs were aware of the October 29, 2008 Scheduling Conference in spite of the difficulty in reaching them by mail and that they claimed to have sent a non-lawyer to the conference but advised that he was not admitted to the proceeding. Further, the plaintiffs apparently believed the "state of Colorado is in fact a co-defendant" in this action even though the state of Colorado is not a named defendant. (*Id.*)  The plaintiffs appeared unaware that their case remained under federal jurisdiction given their statement, "[w]e do not see how one of the defendants should be able to hear and judge the situation without bias." The plaintiffs clearly and unequivocally objected to jurisdiction of their case in the federal District of Colorado stating, "[w]e do not wish to waste the court's time or ours trying to address the

situation again in the same system that refused to observe our rights." (*Id.*)  Plaintiffs indicated they would "request a change of venue" but have not filed such a motion in this court.

In its Second Order to Show Cause [Doc. No. 17] the Court advised the Plaintiff that no person appeared in court at any time on October 29, 2008claiming to represent the plaintiffs.  The Court advised the Plaintiffs that while they were entitled to represent themselves at court hearings, a non-attorney is not authorized to appear on their behalf in court. Finally, this Court warned the Plaintiffs that their case could be dismissed for failure to comply with the Rules of the court and for failure to prosecute their case.

On January 12, 2009, the Plaintiffs filed a "Response to Order to Show Cause." [Doc. No. 18.] The Plaintiffs stated they filed the case in New York and that "New York is far more helpful in these cases and provides that they would have notified the defendants on behalf of the plaintiff if pro se status and informa pauperis status is granted." (*Id.*)  Further, Plaintiffs claimed, "This case being transferred causes an insurmountable issue for us to proceed in that forum." Plaintiffs indicated they would "refile" the case to add additional defendants, however.  There has been no attempt in this court to file an Amended Complaint.

The Plaintiffs finally state, "I request a change of venue and will ask the local court to show me the proper forms necessary to file in the system." (*Id.* at 2.)

The plaintiffs have refused to comply with the District of Colorado's Local Rules of Practice and have stated they have no intent to proceed in this jurisdiction.  No defendant has been served in this case and there has been no further communication from the Plaintiffs.

Fed. R. Civ. P. 4(m) provides, "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant . . . ." The case was transferred to this District on September 15, 2008; it has been 305 days since the case was originally filed in this District. In spite of two Orders to Show Cause, the Plaintiffs have not served any defendant with process in this matter and has told the court it did not intend to proceed in this District.

Each plaintiff bears the responsibility of complying with Court Orders and attending hearings. Given the plaintiffs stated position against participating in this case in Colorado, the court must consider whether a dismissal pursuant to Fed. R. Civ. P. 41 is appropriate. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10 th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2369, at 576-77 & n.1 (3d ed. 2008).

> Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Furthermore, Rule 16(f) provides,

> [o]n motion or on its own, the court may issue any just orders, . . . if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or (C) fails to obey a scheduling or other pretrial order.

*See* Fed. R. Civ. P. 41(b).

WHEREFORE, for the foregoing reasons, I respectfully

**RECOMMEND** that this case be **DISMISSED**.


### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for

appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 17th day of July, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge